DAVID A. ROSENBERG
Nevada Bar No. 10738
U.S. BANKRUPTCY TRUSTEE
5030 Paradise RD., #B-215
Las Vegas, NV 89119
Telephone: (702) 405-7312
Fax: (702) 947-2244
darosenberg@7trustee.net

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In RE:<br>**IVAR MARK HOTTENTOT**<br>**LAZELLE GAYE HOWARTH,**<br><br>Debtor. | Case No.: BK-S-13-13655 LED<br><br>IN PROCEEDINGS UNDER CHAPTER 7<br><br>**MOTION SEEKING AUTHORIZATION TO DISTRIBUTE NET PROCEEDS FROM SALE PURSUANT TO § 725 - REAL PROPERTY**<br><br>**[1267 CORISTA DRIVE, HENDERSON, NV 89052]**<br><br>**DATE**: August 21, 2014<br>**TIME**: 11:00 a.m. |

David A. Rosenberg chapter 7 trustee ("Trustee") for the bankruptcy estate of Ivar Mark Hottentot and Lazelle Gaye Howarth ("Debtor"), hereby respectfully submits this *Motion Seeking Authorization to Distribute Net Proceeds From Sale Pursuant to § 725 – Real Property [1267 Corista Drive, Henderson, NV 89052]* ("Motion"). This Motion is made and based upon the points and authorities provided herein, the Declaration of David A. Rosenberg in Support of the Motion ("Rosenberg Declaration") filed concurrently herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby requested, and any argument of counsel entertained by the Court at the time on the hearing of the Motion.

//

//

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTS

1. On April 26, 2013, the Debtor filed a Voluntary Petition under Chapter 7 of Title 11 in the United States Bankruptcy Court [Dkt. No. 1].

2. David A. Rosenberg is the duly appointed chapter 7 trustee of Debtor's bankruptcy estate [Dkt. No. 7].

3. Among the assets of the bankruptcy estate there exists real property located at 1267 Corista Drive, Henderson, NV 89052 ("Property").

4. On March 4, 2014, Trustee filed *TRUSTEE'S MOTION TO SELL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES AND TO SURCHARGE PROCEEDS OF SALE OR, IN THE ALTERNATIVE, MOTION TO SELL SUBJECT TO ANY AND ALL LIENS AND ENCUMBRANCES — REAL PROPERTY [1267 CORISTA DRIVE, HENDERSON, NV 89052]* [Dkt. No. 48].

5. On May 9, 2014, this Court entered an order ("Order") [Dkt. No. 57] granting the motion.  The Order provided:

> *I.   The Court authorizes the escrow agent, at the closing, to disburse all remaining Proceeds to the Trustee (or, if the Trustee expressly directs the agent otherwise, some or all of the Proceeds may be disbursed to other parties). Proceeds disbursed to the Trustee may require an order by the Court directing the Trustee to distribute the Proceeds ("Order on Proceeds");*
>
> *M.   Following entry of this Order, either: (a) a secured party in interest may demonstrate to the Trustee that said lienholder has a valid claim to the Proceeds; or (b) the Trustee may file an adversary complaint to determine the priority, extent, validity, and existence of liens against the Proceeds;*

6. On May 15, 2014, pursuant to F.R.B.P. 6004(f), Trustee filed Trustee's Report of Sale ("Report of Sale") [Dkt. No. 58].  After paying all fees, costs, and other expenses authorized by this Court, the bankruptcy estate still holds $204,671.05 from the sale of the Property ("Net Proceeds").  The Net Proceeds are fully encumbered, as the Order also provided:

//

> E.      Except as authorized for payment hereby, each lien, encumbrance or interest identified above shall attach, as adequate protection to the holder thereof pursuant to 11 U.S.C. § 363(e), to the net proceeds of sale ("Proceeds"), after (i) payment of all costs of sale, and (ii) satisfaction of those liens and encumbrances authorized for payment hereby, with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Property, subject to any and all defenses, offsets, counterclaims and/or other rights of any party relating thereto[.]

Dkt. No. 57

## II.     CLAIM TO PROCEEDS

7.      On July 22, 2013, U.S. Bank National Association, as Trustee, of Harborview 2005-13 Trust Fund ("U.S. Bank") filed a motion to lift stay [Dkt. No. 26] and attached to it the note and Deed of Trust indicating its security interest. *See In re Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1381 (9th Cir. 1985)(holding that motions for relief from the automatic stay constitute informal proofs of claim because they "state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable").

8.      At this time, the Trustee does not dispute the right of any of these lienholders to receive proceeds from the sale of the Property.  All of the lienholders have received notice of this hearing and had an opportunity to object.  Their silence should be deemed consent to the proposed distribution.

## III.    PROPOSED DISTRIBUTION OF THE SALE PROCEEDS

9.      Title 11 U.S.C. § 725 provides;

> *After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.*

10.     Consistent with this Court's Order, the Trustee hereby seeks authorization to distribute the Net Proceeds as set forth below:

//

3

| Recipient | Basis for Distribution | DistributionAmount |
|---|---|---|
| U.S. Bank National Association, as Trustee, of Harborview 2005-13 Trust Fund | First Mortgage Holder | $204,671.05 |
| **Total** | | **$204,671.05** |

## IV.    CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court grant this Motion and issue an order authorizing the Trustee to distribute the $204,671.05 of Net Proceeds to U.S. Bank National Association, as Trustee, of Harborview 2005-13 Trust Fund.

**DATED**: Wednesday, July 09, 2014.         Respectfully Submitted By:

>    */s/ David A. Rosenberg*
>    DAVID A. ROSENBERG
>    **US BANKRUPTCY TRUSTEE**

## DECLARATION

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information, and belief.

>    */s/ David A. Rosenberg*
>    David A. Rosenberg, Trustee

4